FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 27, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MARIA R.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 1:17-CV-003171-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12, 17. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

# I. Jurisdiction

Plaintiff filed her application for supplemental security income on June 27, 2013. AR 262-67. Her alleged onset date is September 1, 2012. AR 262. Her application was initially denied on October 1, 2013, AR 183-86, and on reconsideration on October 31, 2013, AR 195-201.

Administrative Law Judge ("ALJ") Mary Gallagher Dilley held a hearing on April 1, 2015. AR 47-75. On July 29, 2015, ALJ Dilley issued a decision finding Plaintiff ineligible for disability benefits. AR 30-42. The Appeals Council denied Plaintiff's request for review on March 2, 2017, AR 11-17, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits on October 11, 2017. ECF No. 3. Accordingly, her claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

# II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of

impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the

national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational

interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and accordingly, are only briefly summarized here. Plaintiff was 50 years old on the date the application was filed. AR 41. She has a limited education and is able to communicate in English. *Id.* She has never held employment. AR 40-41.

## V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from June 27, 2013, the date the application was filed. AR 30-42.

The ALJ noted that Plaintiff previously filed an application on January 8, 2009, which was denied on June 23, 2011. AR 30. The final decision was affirmed by the district court. *Id.* However, Plaintiff's application alleged materially different impairment than those in the present application, specifically right wrist osteoarthritis and left shoulder arthralgia, and Plaintiff's polysubstance abuse is now in remission. AR 31. Additionally, Plaintiff has moved into a changed age category. *Id.* For these reasons, the ALJ determined sufficient change in circumstances to rebut the presumption of continued non-disability set forth in *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988). *Id.*

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 27, 2013, her application date (citing 20 C.F.R. § 416.971 *et seq*.). AR 33.

**At step two**, the ALJ found Plaintiff had the following severe impairments: right wrist osteoarthritis, left shoulder and cervical arthralgia, major depressive disorder, anxiety, and post-traumatic stress disorder (citing 20 C.F.R. § 416.920(c)). AR 33. The ALJ also found the following non-severe impairments: alcohol and polysubstance abuse, in remission; hyperlipidemia; right upper extremity tendonitis; and right periorbital abscess. AR 33.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 33-35.

At **step four**, the ALJ found Plaintiff had the residual functional capacity to perform light work as defined in C.F.R. § 416.967(b) except she can never climb ladders, ropes or scaffolds; she can occasionally crawl; she can occasionally reach overhead with the left upper extremity and frequently handle with the right dominant hand; she can perform routine tasks; she can have occasional superficial contact with the public and superficial contact with coworkers. AR 35.

The ALJ determined Plaintiff has no past relevant work so transferability of job skills is not an issue. AR 40-41.

**At step five,** the ALJ found that in light of her age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 40-41. These include hand packager, production assembler, and housekeeper. *Id*. The ALJ consulted a vocational expert in making this determination. *Id*.

## VI.   Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues that the ALJ erred by (1) rejecting the examining medical opinion of R.A. Cline, PsyD, without

providing specific and legitimate reasons supported by substantial evidence; (2) erroneously disregarding the examining medical opinions of Aaron Burdge, PhD, Dick Moen, MSW, and Philip Rodenberger, MD; and (3) failing to provide specific, clear, and convincing reasons for discrediting Plaintiff's testimony regarding the severity and limiting effects of her impairments. ECF No. 12 at 2.

## VII. Discussion

### A. The ALJ did not err with the weight given to Plaintiff's medical providers.

#### a. Legal standard

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id.* at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id.* at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted

for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or her own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

**b. Dr. R.A. Cline, Psy.D.**

Dr. Cline performed a psychological/psychiatric evaluation on Plaintiff on June 3, 2014. AR 525-29. Dr. Cline noted moderate depressed mood, anxiety/panic, trauma related symptoms, and sleep disturbance. AR 526-27. Dr. Cline opined Plaintiff would have moderate limitations in eight areas of basic work activities and marked limitations in completion of a normal work day and work week without interruptions from psychologically based symptoms. AR 528.

The ALJ gave limited weight to this opinion, with special criticism of the marked limitation. AR 39. The ALJ noted that this was inconsistent with the Plaintiff's admission that medication alleviated her symptoms, the recorded

concern for malingering, and the finding that her affect and mood were pleasant and cooperative. *Id.*

An ALJ may discount a treating provider's opinion if it is based largely on the claimant's self-reports and not on clinical evidence, and the ALJ finds the claimant not credible. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Additionally, an ALJ may disregard medical opinions based on exaggerated symptoms. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

A great deal of Dr. Cline's notes are based on Plaintiff's subjective reports. AR 526-27. Here, self-reporting is of particular relevance because, as the ALJ noted, malingering significantly undermines Plaintiff's credibility. AR 39. Dr. Cline acknowledged that it "seem[ed] likely" that Plaintiff endorsed greater symptoms than she actually had, and the testing Dr. Cline performed was unreliable because of potential malingering. AR 525.

The ALJ also found that Dr. Cline's marked limitation was contradicted by Plaintiff's improvement through medication. AR 39. The record supports this finding. On May 20, 2013, Plaintiff told her mental health provider at a medication management visit that she was better and that her sleep was "good" despite some restless nights. AR 428. Her mental status examination was normal. AR 428-29. Similar findings were reported in February 2013, although Plaintiff stated she wanted to "do this without any more medications." AR 432. However, the record

shows she did continue with her regimen. AR 428-29. In November 2013, she told her provider that she was not having anxiety or depression while on her medication, and her mental status examination showed normal affect, no anxiety, and pleasant, talkative, and smiling behavior. AR 574-75

At least with regard to Dr. Cline, the ALJ is mistaken that Plaintiff exhibited "generally pleasant and cooperative" affect and mood. AR 39. In her mental status exam, Dr. Cline found Plaintiff's affect to be "tearful" and her mood to be "anxious." AR 529. While her attitude and behavior were described as "cooperative and polite," *id.*, the ALJ specifically noted affect and mood to be "generally pleasant and cooperative." AR 39. However, this is harmless because the ALJ cited to multiple other instances in the record in which Plaintiff exhibited appropriate mood and affect. AR 428, 433, 437, 574-75, 580.

While the Court recognizes that mental illness does wax and wane, the record as a whole supports the ALJ's findings, and the Court will not disturb the finding. *Rollins v. Massnari*, 261 F.3d 853, 857 (9th Cir. 2001).

### c. Dr. Aaron Burdge, Ph.D.; Dick Moen, M.S.W.; and Dr. Philip Rodenberger, M.D.

The ALJ specifically stated in her opinion:

> The undersigned also recognizes there are other opinions offered within the record. However, as they are offered outside the relevant period, they are considered when evaluating the claimant's longitudinal history, but not for purposes of disability and will not be discussed further.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12

AR 40.

The ALJ is "not required to discuss every piece of evidence" and "evidence that is neither significant nor probative" need not be discussed. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2008). Further, "[m]edical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.2d 1155, 1165 (9th Cir. 2008) (citing *Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989)). The ALJ is required to consider "all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However, the failure to address an opinion where the opinion predates the alleged onset date and the opinion would not affect the outcome of the disability decision is not error. *See, e.g. Williams v. Astrue*, 493 F. App'x 866, 868 (9th Cir. 2012)(citing *Molina,* 674 F.3d at 1111).

Each of the three opinions in question occurred before the alleged onset date of September 1, 2012, AR 262, and well outside the adjudication period, which began on the date Plaintiff protectively filed her application for supplemental security income, June 27, 2013, AR 30. Mr. Moen conducted psychological evaluations on January 5, 2011, and July 6, 2011. AR 492-505. Dr. Rodenberger concurred on Mr. Moen's findings. *Id.* These opinions are over one year before the alleged onset date, and thus far less relevant. *See Carmickle*, 533 F.2d at 1165. Dr.

Burdge, however, performed a psychological evaluation in August 2012, which is within one month of the alleged onset date. AR 324-40.

The ALJ's decision is not entirely devoid of the three opinions. Rather, the ALJ does specifically consider the opinions in relation to Plaintiff's longitudinal history. AR 40. Moreover, Dr. Burdge, the only opinion reasonably close to Plaintiff's alleged onset date, found evidence of potential malingering, AR 334, undermining the results as a whole. This suggests that the opinion would not affect the outcome of the disability decision even if further considered. *See Williams*, 493 F. App'x at 868 (failure to address an opinion where the opinion predates the alleged onset date must have affected the outcome of the disability decision to be erroneous).

**B. The ALJ properly discredited Plaintiff's subjective claims.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti,* 533 F.3d at 1039. First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 14

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996).

First, the Court notes that there is evidence of malingering in the record in this case. As discussed prior, both Dr. Cline and Dr. Burdge suggested potential malingering and overrepresentation of symptoms. Dr. Cline acknowledged that it "seem[ed] likely" that Plaintiff endorsed greater symptoms than she actually had, and the testing Dr. Cline performed was unreliable because of potential malingering. AR 525. Dr. Burdge found that Plaintiff "endorsed items that present an unfavorable impression," which raised the possibility of "mild exaggeration of complaints and problems." AR 334. Malingering alone can satisfy an ALJ's adverse credibility determination, *Tommasetti,* 533 F.3d at 1039, but in this case the ALJ provided additional clear and convincing reasons for the adverse finding. Each of these reasons were supported by evidence in the record, to which the ALJ pointed. AR 37-39.

The ALJ found that Plaintiff's activities were inconsistent with her alleged level of limitation. AR 37. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins,* 261 F.3d at 857. Some of Plaintiff's activities that the ALJ cited to were caring for nine cats, using public transportation, crocheting, watching television, reading, self care, and attending AA meetings. AR 37, 288-94. The ALJ also specifically evaluated her activities that require fine use of the hands and arms in relation to her allegations of disabling right wrist and left shoulder impairments. AR 38.

Plaintiff herself acknowledged that she could manage her mental health symptoms with medication, as the ALJ noted. AR 37, 428-29, 432, 574-75. This undermines the allegation of disabling conditions.

The ALJ also cited to inconsistencies in Plaintiff's testimony, including statements about her disposition, her level of education, and interaction with others. AR 37. Normal methods of evaluating credibility, such as inconsistent statements, are valid reasons for rejecting a claimant's statements. *Smolen*, 80 F.3d at 1284.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 16

With regard to Plaintiff's left shoulder and cervical arthralgia, the ALJ cited to a full range of motion, normal cervical curvature, full muscle strength, a lack of deformity, hearing, swelling, or effusion, and normal neurological findings of the area. AR 38. Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

In conclusion, the ALJ provided numerous reasons for the findings related to Plaintiff's credibility that are supported by the record, in addition to multiple references to evidence of malingering in the record. The Court does not find the ALJ erred when assessing Plaintiff's subjective complaints.

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 17,** is **GRANTED.**

///

///

///

3.  The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 27th day of August, 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18**